**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

TRAVIS SWINEY                                                                              PLAINTIFF


V.                                          4:08CV04057 JMM


SALINE COUNTY DETENTION FACILITY                                    DEFENDANT


## ORDER OF DISMISSAL

Plaintiff, an inmate at the Saline County Detention Center, filed this action alleging claims

of deliberate indifference on October 28, 2008.  On October 29, 2008, the Court entered an Order

(docket entry #3) directing Plaintiff to submit a completed application to proceed *in forma pauperis*

and an Amended Complaint providing more specific information regarding the nature of his claims.

This Order, which cautioned Plaintiff of his responsibilities under Local Rule 5.5(c)(2)[1], was mailed

to Plaintiff at his last-known address, the Saline County Detention Center.  When it was not returned

to the Court as undelivered, and more than thirty days passed without a  response from Plaintiff, the

Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice for failure

to comply with Local Rule 5.5(c)(2).  *See* docket entry #5.  The recommendation was adopted by

---

[1] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

the district court on December 23, 2008 (docket entry #7) and the case was dismissed without prejudice (docket entry #8).

Almost three months later, on March 13, 2009, Plaintiff reappeared by filing a Motion to Re-Open (docket entry #10) his case. Noting Plaintiff's concerns that the officials at the Saline County Detention Facility had not delivered his mail, the court granted Plaintiff relief from the final judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and the case was re-opened. Plaintiff was directed to comply with the Court's previous order: to submit a properly completed *in forma pauperis* application or the full filing fee, and file an Amended Complaint that contained the information specified in the Court's October 29, 2008 Order.

Plaintiff submitted a Motion for Leave to Proceed *In Forma Pauperis* (docket entry #13) and it was granted on April 14, 2009 (docket entry #14). In that Order, the Court added:

> Plaintiff is reminded of the requirements set forth in the district court's April 6, 2009 Order (docket entry #11) and the necessity of submitting an Amended Complaint that identifies those individuals that Plaintiff alleges are responsible for his injuries, with specific dates and times when these events occurred, how the named defendants were responsible for these alleged constitutional violations, and what injury he sustained from these events. Plaintiff is also once again reminded of his obligations under Local Rule 5.5(c)(2).

The Court received a response, of sorts, on April 23, 2009, which was construed as indicating that he wished to amend his Complaint to add two additional Defendants. A file-marked copy of this pleading was mailed to Plaintiff at his only known address, the detention center. On May 5, 2009, this correspondence was returned to the Court as undeliverable (docket entry #18) and there has been no further communication from Plaintiff since this time. Finally, on June 17, 2009, the Court entered an Order (docket entry #19) directing Plaintiff to notify the Court of his new address and state his intention whether to proceed with prosecution of this case, within fourteen (14) days of the

entry date of the Order.  On June 25, 2009, this Order returned to the Court as again undeliverable, and the Court has had no further communication from Plaintiff.

Under the circumstances, the Court concludes that this case should therefore be dismissed, without prejudice, due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's multiple orders. FED. R. CIV. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v.Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE ORDERED that Plaintiff's Complaint (docket entry #2) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).

DATED this 8th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE